THE MISSOURI, KANSAS & TEXAS RAILWAY COMPANY
v. NICHOLAS SHOCKMAN.
No. 12,743.    (74 Pac. 1132.)

Error from Montgomery district court; A. H. SKIDMORE, judge.    Opinion filed December 12, 1903.    Affirmed.

*T. N. Sedgwick*, for plaintiff in error.
*H. C. Dooley, J. H. Keith*, and *W. E. Ziegler*, for defendant in error.

*Per Curiam:* Nicholas Shockman, five years of age, lost his left arm by being run over by a locomotive of the Missouri, Kansas & Texas Railway Company at or near the intersection of two streets in Coffeyville, Kan., while attempting to cross the track.    He sued the company and recovered judgment for $7000.    This judgment was reversed (59 Kan. 774, 52 Pac. 446), for the reason that there was a variance between the pleadings and the proof, the petition alleging negligence only in the employment of an incompetent engineer, and the evidence showing negligence only in failing to furnish him with an assistant to maintain the necessary lookout to avoid accidents.    In the *per curiam* opinion filed, it was said that, while other errors were alleged, the case would be affirmed except for this fatal variance. The petition was amended and the case retried, with the same result.    The company again brings proceedings in error.

There is no substantial difference between the questions passed upon in the former review, other than that of variance, and those now presented.    It is claimed that even if the engineer had been provided with an assistant he could not have prevented the injury; but the evidence is to the contrary.    One keeping a lookout ahead on the side of the engine opposite the engineer must have seen the boy approaching the track, and, as the train was going at the rate of only four or five miles an hour, it could have been stopped in time to prevent the injury.    Against this it is argued that the boy was running alongside and parallel with the

train, and that such a watcher could not have anticipated that he would try to cross in front of it. The evidence, however, was that he approached the train diagonally, and in such a way that the jury were warranted in believing that it would have been plain to one observing him that it was his intention to cross the track in front of the engine.

The judgment is affirmed.